IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SONJA ADARE, the sole TRUSTEE OF THE ADARE TRUST, an Idaho Trust,<br><br>　　Plaintiff,<br><br>v.<br><br>GENAXA CORPORATION, a Washington Corporation, and THOMAS W. CHALBERG, an individual, KELLY PHIPPEN, an individual, and GORDON TWILEGAR, an individual, all jointly and severally,<br><br>　　Defendants. | CV Case No. 08-330-BLW<br><br>MEMORANDUM DECISION AND ORDER |

Pending before the Court are Defendants Chalberg and Phippen's motions to dismiss for lack of jurisdiction (Docket Nos. 3 and 8) and motions for Rule 11 sanctions (Docket Nos. 10 and 18). Having carefully reviewed the record, the Court finds that the parties have adequately presented the facts and legal arguments in their briefs and record and that the decisional process would not be significantly aided by oral argument. Therefore, in the interest of avoiding delay to the parties, this decision and order

will be issued on the written motions, briefs and the state of the record without oral argument.  D. Idaho L. Civ. R. 7.1(d).

## I.

## BACKGROUND

Plaintiff Sonja Adare is a Florida resident.  She filed the Complaint in this action as the sole Trustee of the Adare Trust (an Idaho trust) on August 12, 2008, against a Washington corporation doing business in Idaho, and three Idaho residents.  Plaintiff alleges two claims of breach of contract and one claim for breach of the implied covenant of good faith and fair dealing – all state law claims.  Plaintiff served the Complaint on Defendants Chalberg and Phippen on September 25, 2008.  Defendant Chalberg immediately filed a Motion to Dismiss for Lack of Jurisdiction on October 3, 2008.  He served Plaintiff with a copy of a Rule 11 motion on October 14, 2008.   Plaintiff, by correspondence dated the same date, agreed to dismiss this federal action and re-file in State court.  A dispute arose between counsel regarding what terms would be included in a stipulation to dismiss this action.   The dispute was never resolved.  In the meantime, Defendant Chalberg filed a Motion for Sanctions, and Defendant Phippen engaged Defendant Chalberg's attorney and filed identical motions to dismiss and for sanctions.  (Docket Nos. 8 and 18.)

Plaintiff does not dispute the motion to dismiss, but objects to the motion for sanctions, and seeks attorney's fees and costs in defending the motion for sanctions. (Docket No. 13.)

## II.

## MOTIONS TO DISMISS

Defendants move to dismiss for lack of jurisdiction based on an absence of complete diversity.  Defendant contends that on the face of the Complaint, complete diversity does not

exist because the Plaintiff is an Idaho trust and at least three of the four defendants reside in Idaho.

Although the Court's electronic docket suggests that Plaintiff filed a "Response to Motion re: Motion to Dismiss for Lack of jurisdiction, Motion for Sanctions and Motion to Dismiss" (Docket No. 13) and a supporting memorandum (Docket No. 15), the filed documents address only the Rule 11 motions.  It is clear, however, from the documents filed that Plaintiff takes no issue with dismissal.  Plaintiff contends that although she believes this Court may have diversity jurisdiction and that the issue is not as simple as Defendants suggest,[1] she nonetheless attempted to dismiss this action voluntarily back in October 2008.  The correspondence submitted by both parties in support of their respective positions show that Plaintiff attempted to file a stipulation to dismiss to re-file in state court, but was unable to obtain agreement from Defendant that the dismissal from this Court would be without prejudice.

Unfortunately, as it would have avoided this dispute and unnecessary expense, neither party appeared to realize that Plaintiff had, and probably still has,  the ability to voluntarily dismiss this action without prejudice as a matter of right and without agreement of the Defendants or leave of the Court.  Rule 41(a)(1) of the Federal Rules of Civil Procedure provides this right to a plaintiff at any time before an answer or motion for summary judgment is filed.  Fed.R.Civ.P. 41(a)(1)(A)(I).  A motion to dismiss for lack of diversity jurisdiction does not constitute an answer for the purposes of this rule.  *See Swedberg v. Marotzke*, 339 F.3d 1139 (9th

---

[1]  Plaintiff points out that the sole Trustee of the Plaintiff Trust resides in Florida and cites case law from the United States Supreme Court that supports that for the purposes of diversity in a suit to which a trust is a party, it is the citizenship of the trustee, and not the trust, that is controlling.  *See* Memorandum in Support of Response to Rule 11 Motion to Dismiss, Docket No. 16, at p. 4 (*citing Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 100 S.Ct.  1779 (1980); *Bullard v. Cisco*, 290 U.S. 179, 189, 54 S. Ct. 177, 180 (1933).

Cir. 2003); *Manze v. State Farm Ins. Co.*, 817 F.2d 1062 (3rd Cir. 1987); *Merit Insurance Co. v. Leatherby Insurance Co.*, 581 F.2d 137, 143 & n. 6 (7th Cir.1978); *Carter v. United States*, 547 F.2d 258, 259 (5th Cir. 1977).

Because the Court finds that Plaintiff's dismissal as a matter of right is still viable, the record is clear on her intention to dismiss without prejudice and there are no grounds for dismissing this action with prejudice at this stage in the proceeding, the Court will dismiss Plaintiff's Complaint without prejudice.

### III.

### MOTIONS FOR RULE 11 SANCTIONS

Defendants ask this Court for an order granting sanctions against Plaintiff, her attorney or both pursuant to Rule 11 for filing this action in the absence of "complete diversity." *See* Docket Nos. 10 and 18, at pp. 1. Defendants cite *Solloway v. Ellen Bogen*, 121 F.R.D. 29 (S.D. NY. 1988), in support of their motion and ask for attorney's fees incurred in defending the action in its entirety. Defendants' cumulative attorney's fees request is nearly $4,000.

**A.     Standard of Law**

"Among other grounds, a district court may impose Rule 11 sanctions if a paper filed with the court is for an improper purpose, or if it is frivolous." *G.C. and K.B. Investments, Inc., v. Wilson*, 326 F.3d 1096, 1110 (9th Cir. 2003). A filing is frivolous if it is "both baseless and made without a reasonable and competent inquiry." *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir.1990) (en banc). The standard is objective; it requires no bad faith or otherwise culpable state of mind. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46-48, 111 S.Ct. 2123, 2134, 115 L.Ed.2d 27 (1991); *Townsend,* 929 F.2d at 1362. The question is whether the filing is "unreasonable when viewed from the perspective of a `competent attorney admitted to practice

before the district court.'" *Lapin v. U.S.*, 118 F.R.D. 632, 635 (D. Hawaii 1987) (*citing Zaldivar v. Los Angeles*, 780 F.2d 823, 830 (9th Cir. 1986)(*abrogated on other grounds by Cooter & Gell v. Hatmarx Corp.*, 496 U.S. 384, 110 S.Ct. 2447 (1990)).

**B.    Analysis**

Plaintiff filed the Complaint as a diversity action.  Defendant argues that Plaintiff's Complaint is frivolous on its face because complete diversity is lacking; the Trust is an Idaho "citizen" and at least two of the defendants are Idaho citizens.  Plaintiff argues that the issue of citizenship with respect to the Trust is more complex, and that courts have held that the citizenship of the sole trustee can be taken into account, under certain circumstances, in determining diversity jurisdiction.  Plaintiff cites two United States Supreme Court cases in support of her argument: *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 100 S. Ct. 1719 (1980)( a trustee is a real party to the controversy for purposes of diversity jurisdiction when he possesses certain customary powers to hold, manage, and dispose of assets for the benefits of others) and *Bullard v. Cisco*, 290 U.S. 179, 189, 54 S.Ct. 177, 180 (1933)).  Defendants did not address Plaintiff's argument regarding considering the sole trustee's citizenship for the purposes of diversity.

Diversity jurisdiction exists in "all civil actions where the matter in controversy exceeds . . . $75,000 . . . and is between . . . citizens of different States."  28 U.S. C. § 1332(a)(1).  "In cases where entities rather than individuals are litigants, diversity jurisdiction depends on the form of the entity."  *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (internal citations omitted).  In the Ninth Circuit,"[a] trust has the citizenship of its trustee or trustees."  *Id.* (*citing, Navarro Sav. Ass'n*, 446 U.S. at 464, 100 S. Ct. 1779 (1980)); *see generally Emerald Investors Trust v. Gaunt Parsippany Partners*, 492 F.3d 192, 201-02 (3rd Cir.

2007) (discussing four possible tests a court could apply to determine citizenship of a trust for diversity and declining to follow Ninth Circuit in *Johnson*, 437 F.3d 894).

Plaintiff's interpretation of *Navarro* appears not only to be non-frivolous, but a correct statement of the law in this Circuit at this time.  The Court finds it unnecessary to engage in a lengthy determinative analysis of whether diversity jurisdiction definitively exists in this case.  It is sufficient for purposes of the Defendant's motion for Rule 11 sanctions, to simply find, as the Court does, that Plaintiff's argument was not "frivolous."   Therefore, Defendants' motions for sanctions will be denied.

## IV.

## CONCLUSION

For the foregoing reasons,

IT IS HEREBY ORDERED that Motion to Dismiss (Docket No. 3) and Motion to Dismiss (Docket No. 8) are GRANTED in part and DENIED in part; Plaintiff's Complaint shall be dismissed, but without prejudice;

IT IS FURTHER ORDERED Defendants' Motions for Rule 11 Sanctions (Docket Nos. 10 and 18) are DENIED;

IT IS FURTHER ORDERED that the hearing set on these Motions for March 5, 2009 at 8:30 am is VACATED.

DATED:  **February 24, 2009**

Honorable B. Lynn Winmill
Chief U. S. District Judge